```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

LAEL SAMONTE,                    )   CIV. NO. 05-00353 SOM-LEK
                                 )
          Plaintiff,             )
                                 )   ORDER DISMISSING SECOND
     vs.                         )   AMENDED COMPLAINT IN PART AND
                                 )   DENYING SECOND IN FORMA
GEORGE SUMNER, et al.,           )   PAUPERIS APPLICATION
                                 )
          Defendants.            )
_____)
```

**ORDER DISMISSING SECOND AMENDED COMPLAINT IN PART
AND DENYING SECOND IN FORMA PAUPERIS APPLICATION**

On May 26, 2005, *pro se* Plaintiff Lael Samonte, a Hawaii prisoner incarcerated at Florence Correctional Center ("FCC"), in Florence, Arizona, filed a complaint pursuant to 42 U.S.C. § 1983. Venue is proper in Hawaii, as the acts complained of occurred in Hawaii, before Samonte was transferred to Arizona. See 28 U.S.C. § 1391(b). Before the court is Samonte's Second Amended Complaint ("SAC").

**BACKGROUND**

The SAC names sixteen Defendants and one John Doe "Security." Samonte now names as Defendants Guy Hall, Nolan Uehara, Eric Penarosa, Cheryl Zembik, Cinda Sandin, Richard Mello, Eric Tanaka, Nolan Espinda, Ted Sakai, Steve Lombard, Corrina Buan, Dayton Cambra, Theresa Calpito, Wesley Mun, Francis Sequeira, and Bob Mielke (collectively, "Defendants"). All

previously named defendants who are now omitted are, therefore, terminated from this action.[1]

Although the SAC states that Defendants are named in their official and individual capacities, the court has dismissed all claims for damages against all Defendants in their official capacities with prejudice and has also dismissed Samonte's claims for injunctive relief.  See Order Dismissing Amended Complaint at 12, entered September 9, 2005 ("September 9 Order").  Nothing in the SAC persuades the court to revisit those determinations.  Claims for damages against persons sued in their official capacities and for injunctive relief, to the extent they are reasserted in the SAC, remain DISMISSED with prejudice.

The SAC contains four grounds for relief.  In Count I, Samonte claims that he was denied equal protection of the law when his requests to transfer to another facility between 1990 and 2003 were denied.  Count II deals with Samonte's complaints to the prison about overcrowding beginning in 1997 and culminating on May 22, 2002, when Samonte was assaulted by another inmate.  Samonte believes this assault was due to the alleged overcrowding at the prison.  In Count III, Samonte

---

[1] Samonte's SAC effectively terminates Defendants George Sumner, Keith Kaneshiro, John Peyton, James Propotnick, Edwin Shimoda, Cora Lum, Wayne Hirayama, William Oku, Henry Pikini, John Smythe, Clayton Frank, Randy Asher, John Manumaleuna, Saia Finau, May Andrade, Noel Villanueva, Tona Donigan, Debra Stamfle, Kay Bauman, Barbara Kysar, Mary Tumminello, Larry Myers, Ronald Brooks, Toby Silva, and Linda Lingle from this action.

asserts the denial of adequate medical care after he was assaulted on May 22, 2002. Samonte states that his jaw was broken during the attack and that prison officials denied and delayed treatment until January 27, 2004. Finally, in Count IV, Samonte complains that, after the assault on May 22, 2002, he was charged with fighting and was not given due process at the adjustment committee hearing, causing him "psychological injuries and lost [] trust in the Defendants." (SAC Att. to Count IV.)

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id.; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the pro se litigant the benefit of any doubt. Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995)

(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d. 1122, 1126 (9th Cir. 2000) (en banc).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  West v. Atkins, 487 U.S. 42, 48 (1988).

### DISCUSSION

I.  Count I Fails to State a Claim and is Dismissed.

In Count I, Samonte claims that Defendants Hall, Uehara, Penarosa, Zembic, Sandin, Mello, Tanaka, Espinda, Sakai, and Frank[2] refused to transfer him to a federal prison, or any prison of his choice, between 1990 and 2003.  Samonte states that his subsequent transfer from Hawaii did not satisfy his requests

---

[2] In paragraph 22 of Count I, Samonte states that, in 2003, he "wrote a letter to defendant Frank, requesting [] a transfer to another facility," but was denied.  The court assumes that Samonte is referring to Clayton Frank, who was named in his earlier complaints, although Samonte has not named Frank in the SAC.  As the court is dismissing Count I and all Defendants related to it, the court includes Frank in this disposition.

because "he is seeking a transfer far away from his enemies, in the opposite direction." (SAC Count I Att. ¶ 25.)

As Samonte was notified in the September 9 Order, his claims relating to his housing or requests for a transfer fail to implicate any protected liberty interest, or any other protected right. See September 9 Order at 21-23. A prisoner has no constitutional right (a) to be housed at a particular institution within the state, Meachum v. Fano, 427 U.S. 215, 224 (1976); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985); (b) to be housed in a less restrictive section of a facility, May v. Baldwin, 109 F.3d 557, 565 (9th Cir.), cert. denied, 522 U.S. 921 (1997); Grayson v. Rison, 945 F.2d 1064, 1067 (9th Cir. 1991); (c) to be housed in any particular state, Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); or (d) to receive a particular security classification, Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Nor does a prisoner have a state-created liberty interest in reclassification, custody level, furlough, or transfer. Neal v. Shimoda, 905 F. Supp. 813, 818, rev'd on other grounds, 131 F.3d 818 (9th Cir. 1997); see also Olim, 461 U.S. at 249-51. Count I fails to state a claim and is DISMISSED with prejudice. This

ruling DISMISSES Defendants Hall, Uehara, Penarosa, Zembic, Mello, Sakai, and Frank from this action.[3]

## II. Samonte Fails to State Claim Against Defendant Mun in His Individual Capacity.

The court dismissed Defendant Mun in the September 9 Order for Samonte's failure to state a claim against him. See September 9 Order at 13-15. In the SAC, Samonte reasserts claims against Mun, stating that he is responsible for the prison's denial and delay of medical care to Samonte following the May 22, 2002 assault, solely by virtue of Mun's position as Director of Health Care for the Department of Public Safety. (Compl. Att. to Count III ¶ 16.) As Samonte was informed, this bare allegation does not state a claim against Mun in his individual capacity.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. Polk v. County of Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Services, 436 U.S. 658, 692 (1978); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002). To state a civil rights claim against an individual defendant, a plaintiff must allege facts, not mere

---

[3] Defendants Sandin, Tanaka, and Espinda have not been dismissed from the action at this time because Samonte also asserts claims against them in the SAC's remaining counts. In Count II, Samonte alleges that Sandin failed to protect him from the assault on May 22, 2002, when he allegedly notified her of his fear of violence at the hands of other inmates. In Count IV, Samonte alleges that Sandin, Tanaka, and Espinda violated due process prior to, and during, the disciplinary hearing following the assault.

6

conclusions, showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

     A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of his subordinates."  Watkins v. City of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).  A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc).  However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement."  Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Samonte alleges no facts tying Mun to the alleged denial or delay of medical care. Samonte refers only to Mun's general supervisory responsibility over the Department of Safety's Health Department. Claims against Defendant Mun in his individual capacity are DISMISSED with prejudice, leaving no claims against him in this action.

III. The Statute of Limitation May Bar Many of Samonte's Claims.

As the court noted in great detail in the September 9 Order, many of Samonte's claims appear to be time-barred. See September 9 Order at 17-21. Because the statute of limitation is an affirmative defense, to be pled and proven by Defendants, the court will not rule on this issue at this time, only warning Samonte again of this likely bar to many of his claims. See Pisciotta v. Teledyne Industries, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996) (court may grant a motion to dismiss based on the running of the statute of limitations "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"); Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (dismissal on statute of limitation ground disfavored when matters outside the complaint are not available to be considered and when equitable tolling may apply).

IV. <u>Samonte's Second In Forma Pauperis Application is Denied.</u>

Samonte has filed a second *in forma pauperis* application.  Samonte was already granted *in forma pauperis* status for the entire case on July 12, 2005, and the second application is DENIED as duplicative.

**CONCLUSION**

1. Samonte's claims for damages against all Defendants in their official capacities remain DISMISSED with prejudice.

2. Count I is DISMISSED with prejudice.

3. Defendants Hall, Uehara, Penarosa, Zembic, Mello, Sakai, Frank, and Mun are DISMISSED with prejudice.

4. Samonte's claims in Counts II, III, and IV, relating to the assault against him on May 22, 2002, remain at issue in this action.  Thus, such claims remain in Count II against Defendants Sandin, Sequeira, and Mielke; in Count III against Defendants Buan, Cambra, and Calpito; and in Count IV against Defendants Sandin, Lombard, Mielke, Tanaka, and Espinda.

5. Samonte's second *in forma pauperis* application is DENIED.

6. The Clerk is DIRECTED to forward a copy of this order to Samonte; to DPS's designee Tom Read at 919 Ala Moana Blvd., Honolulu, Hawaii, 96814; and to Mark J. Bennett, Attorney

9

General of the State of Hawaii, at 425 Queen Street, Honolulu, Hawaii, 96813.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, January 10, 2006.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

SAMONTE v. SUMNER, et al., CV 05-00353 SOM/LEK; ORDER DISMISSING SECOND AMENDED COMPLAINT AND DENYING SECOND IN FORMA PAUPERIS; dmp\ ORDERS 06\ Samonte 05-353 (dsm SAC)