IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAEL SAMONTE, | ) | Civ. No. 05-00353 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| vs. | ) | MOTIONS TO DISMISS PLAINTIFF'S |
| | ) | SECOND AMENDED COMPLAINT |
| CINDA SANDIN et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

On May 26, 2005, *pro se* Plaintiff Lael Samonte, a
Hawaii prisoner incarcerated at Red Rock Correctional Center, in
Eloy, Arizona, filed a complaint pursuant to 42 U.S.C. § 1983.
Before the court is Defendants Cinda Sandin, Eric Tanaka, Nolan
Espinda, Steve Lombard, Francis Sequeira, and Bob Mielke's Motion
to Dismiss as well as Defendant Corrina Buan's Motion to Dismiss
Plaintiff's Second Amended Complaint ("Motions")[1].  For the
following reasons, the court GRANTS Defendants' Motions to
Dismiss Plaintiff's Second Amended Complaint.

### BACKGROUND

In his original Complaint, Samonte named thirty-six
current and former employees of the State of Hawaii Department of

---

[1] On September 1, 2006, Defendants Sandin, Tanaka, Espinda,
Lombard, Sequeira and Mielke filed their Motion to Dismiss
Plaintiff's Second Amended Complaint.  On September 26, 2006,
Defendant Buan also filed a Motion to Dismiss.  As both Motions
involve the same set of facts and put forth the same arguments,
the court will address them together in this Order.

Public Safety ("DPS") as Defendants, in their individual and official capacities.[2]  Samonte also named Doe Defendants 1-20. Samonte alleged that Defendants had violated his constitutional rights since his incarceration at Halawa Correctional Facility ("HCF") in December 1990.[3]  Samonte argued that Defendants violated his civil rights by: 1) prison overcrowding; 2) unsanitary living conditions; 3) failure to protect from and/or exposure to a substantial risk of serious harm; 4) inadequate medical treatment and deliberate indifference to serious medical needs; 5) denial of due process in disciplinary proceedings; 6) deprivation of privileges while he was in segregation; 7) denial of equal protection of the laws; and 8) retaliation for his exercise of First Amendment rights.  Samonte also asserted state law slander, harassment, theft, and conspiracy claims.  *See* Compl. at 3 and 20-40, ¶¶ 55-156.)

---

[2]  Samonte named George Sumner, Keith Kaneshiro, Ted Sakai, John Peyton, James Propotnick, Edwin Shimoda, Cora Lum, Larry Myers, Theresa Calpito, May Andrade, Ronald Brooks, Noel Villanueva, Cinda Sandin, Cheryl Zembik, Wesley Mun, Tona Donigan, Debra Stamfle, Kay Bauman, Barbara Kysar, Mary Tumminello, David Saldana, Corrina Buan, Dayton Cambra, Wayne Hirayama, William Oku, Henry Pikini, John Smythe, Guy Hall, Eric Penarosa, Francis Sequeira, Nolan Espinda, Clayton Frank, Eric Takaka, Randy Asher, John Manumaleuna, and Saia Finanu.

[3]Samonte is no longer incarcerated at HCF, as he was transferred to Florence, Arizona, in March 2005, and to Eloy, Arizona, in or around September 2006, pursuant to a contract between the State of Hawaii and the Arizona facilities.

On June 14, 2005, the court dismissed Samonte's original Complaint. (Doc. No. 3.)  First, the court determined that Samonte had not paid the statutory filing fee or filed an *in forma pauperis* application.[4]  Compl. at 10-11.  Second, the court dismissed damage claims against all Defendants in their official capacities.  *Id.* at 12.  Third, the court dismissed Samonte's claims for injunctive relief because Samonte was no longer incarcerated at HCF, could not show that he was in imminent danger of sustaining an injury because of any HCF activity or policy, could not show the likelihood of future harm resulting from HCF policies, and had no standing to assert claims on behalf of inmates incarcerated at HCF.  *Id.* at 12-15.  Samonte's remaining claims were dismissed because they were so vague and conclusory the court could not determine whether they were frivolous or stated any claim for relief.  *Id.* at 15-17.

Samonte was given thirty days to amend his Complaint to demonstrate how the conditions he complained of resulted in the violation of his constitutional rights.  He was directed to state in specific terms how each Defendant had been involved in the subject matter of his allegations.  On July 7, 2005, Samonte was granted an additional sixty days to amend his Complaint.

On August 9, 2005, Samonte filed his First Amended Complaint ("FAC").  (Doc. No. 11.)  The FAC named thirty-eight

---

[4] Samonte has since been granted *in forma pauperis* status.

3

Defendants and twenty John Doe Defendants.[5]  The FAC contained

thirty-seven numbered paragraphs that referred extensively to the

original Complaint, incorporating by reference statements of

facts and documents that were part of the original Complaint.  On

September 9, 2005, the court dismissed Samonte's FAC.  (Doc. No.

16.)  Samonte was given thirty days leave to amend his FAC in

accordance with the court's Order.  The court warned Samonte that

it appeared from his statements in the FAC, the original

Complaint, and the dates of the grievances attached to his

original Complaint that many of his claims were time-barred.

However, because the statute of limitation is an affirmative

defense, to be pled and proven by Defendants, and because Samonte

might have been alleging that the claims were part of a

continuing pattern of retaliation, the court made no actual

ruling on the issue at that time.  Rather, the court only warned

Samonte of the likely bar to many of his claims.  *See Pisciotta*

*v. Teledyne Industries*, Inc., 91 F.3d 1326, 1331 (9th Cir. 1996)

(court may grant a motion to dismiss based on the running of the

---

[5] The FAC named: George Sumner, Keith Kaneshiro, Ted Sakai, John Peyton, James Propotnick, Edwin Shimoda, Cora Lum, Clayton Frank, Wesley Mun, William Oku, Henry Pikini, John Smythe, Guy Hall, Eric Penarosa, Francis Sequeira, Nolan Espinda, Eric Tanaka, Randy Asher, John Manumaleuna, Saia Finau, May Andrade, Tona Donigan, Debra Stamfle, Kay Bauman, Barbara Kysar, Mary Tumminello, Larry Myers, Wayne Hirayama, Ronald Brooks, Noel Villanueva, Cinda Sandin, Cheryl Zembik, Corrina Buan, Dayton Cambra, Theresa Calpito, Bob Mielke, Toby Silva, Linda Lingle, and John Does 1-20.

statute of limitation "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (dismissal on statute of limitation grounds disfavored when matters outside the complaint are not available to be considered and where equitable tolling may apply).

On January 3, 2006, Samonte filed a Second Amended Complaint ("SAC"). (Docket No. 26.) The SAC named sixteen Defendants and one John Doe "Security" Defendant.[6] The SAC contained four grounds for relief.

In Count I, Samonte claimed that he was denied equal protection of the law when his requests to transfer to another facility between 1990 and 2003 were denied. *See* SAC at Count I, ¶ 3.

In Count II, Samonte stated that prison officials failed to protect him between 1997 and 2002, when, because of overcrowding, protective custody inmates were housed with non-protective custody inmates. Samonte's complaints to the prison about overcrowding culminated on May 22, 2002, when a fellow

---

[6] Samonte's SAC effectively terminated Defendants George Sumner, Keith Kaneshiro, John Peyton, James Propotnick, Edwin Shimoda, Cora Lum, Wayne Hirayama, William Oku, Henry Pikini, John Smythe, Clayton Frank, Randy Asher, John Manumaleuna, Saia Finau, May Andrade, Noel Villanueva, Tona Donigan, Debra Stamfle, Kay Bauman, Barbara Kysar, Mary Tumminello, Larry Myers, Ronald Brooks, Toby Silva, and Linda Lingle from this action.

inmate allegedly assaulted Samonte.  *Id*. at Count II, ¶ 3.
Samonte believes the May 22 assault was due to the alleged
overcrowding at the prison.

In Count III, Samonte claimed that he was denied
adequate medical care after the alleged assault on May 22, 2002.
*Id*. at Count III, ¶ 3.  Samonte stated that his jaw was broken
during the attack and that prison officials denied and delayed
treatment until January 27, 2004.  Samonte set forth that,
following the assault, prison guards found him unconscious with
severe head and facial injuries.  Defendant Buan arrived on the
scene and transported Samonte via wheel chair to a waiting van,
which took him to HCF's health care unit.  Samonte says that,
despite continuous complaints of severe pain, he was sent to the
Special Holding Unit after spending only two days in the medical
unit.  Three weeks later, a second prison doctor examined Samonte
and recommended that x-rays be taken.  Approximately three weeks
later, Samonte had x-rays taken that revealed a broken jaw.  The
next month, a second x-ray confirmed his diagnosis.  In January
2004, twenty months after the alleged assault, Samonte underwent
surgery on his jaw.  Samonte states that he complained daily of
severe pain during this time.  *Id.* at Att. to Count III.

Finally, in Count IV, Samonte complained that after the
alleged assault on May 22, 2002, he was charged with fighting and
was denied due process at the adjustment committee hearing,

causing him "psychological injuries and lost [] trust in the Defendants." *Id.* at Att. to Count IV.

On January 10, 2006, the court dismissed Samonte's SAC in part. (Doc. No. 25.)  The court dismissed Count I, with prejudice, for failure to state a claim because Samonte's claims relating to housing or requests for a transfer failed to implicate any protected liberty interest.  In addition, Samonte was reminded that his remaining claims appeared to be time-barred.  Only Counts II, III, and IV remain at issue.  Samonte implicates nine individuals in Counts II, III, and IV, including Defendants Sandin, Sequeira, Mielke, Lombard, Tanaka, Buan, and Espinda, and Dayton Cambra and Theresa Calpito.[7]

## LEGAL STANDARD

Defendants' motions to dismiss are brought pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

I.   Rule 12(b)(1).

A plaintiff has the burden of proving that jurisdiction does in fact exist.  *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  Standing pertains to this court's subject matter jurisdiction.  This court

---

[7] Samonte implicates Dayton Cambra and Theresa Calpito in Count III of the SAC.  However, it appears to the court that Cambra and Calpito have not been served and thus do not appear in this action. The court notes in any event that the analysis applicable to other Defendants sued in Count III would also apply to Cambra and Calpito.

therefore analyzes a plaintiff's standing to assert his or her claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  See *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

Under Rule 12(b)(1), the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction.  Alternatively, the court may dismiss a complaint under Rule 12(b)(1) when the facts that would give rise to its subject matter jurisdiction are disputed.  *See Thornhill Publ'g Co.*, 594 F.2d at 733.

When the allegations of a complaint are examined to determine whether they are sufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  In such a facial attack on jurisdiction, the court limits its analysis to the allegations of and the documents attached to the complaint.  *See Samco Global Arms, Inc. v. Arita*, 395 F.3d 1212, 1214 n.4 (11th Cir. 2005) ("We use the same standard as the district court in analyzing a facial attack on jurisdiction, and therefore accept the well-pleaded allegations of the complaint as true and limit our inquiry to the complaint and the documents attached thereto."); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.

8

2000) ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.").

In a factual attack on the court's subject matter jurisdiction, the court examines the truth of the allegations invoking the court's jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied*, 2005 WL 282138 (May 2, 2005). In such a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the existence of subject matter jurisdiction. In a factual attack on this court's jurisdiction, this court may accept and evaluate evidence to determine whether jurisdiction exists. *See id.; Thornhill*, 594 F.2d at 733.

II.  Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted." Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v.*

*Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as a statute of limitation. *Imbler v. Pachtman*, 424 U.S. 409 (1976).

## DISCUSSION

Defendants argue that Counts II, III, and IV are time-barred under the prescribed statute of limitation. Federal courts borrow the state statute of limitation for personal injury suits in § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000). The statute of limitation applicable to § 1983 actions in Hawaii is Hawaii Revised Statute ("Haw. Rev. Stat.") § 657-7, the two-year "general personal injury" provision.[8] *See Pele Defense Fund v. Paty*, 73 Haw. 578, 597-98, 837 P.2d 1247, 1260 (1992). While Haw. Rev. Stat. § 657-13 tolls the statute of limitation for those who, at the time the action accrued, are under the age of

---

[8] Under Haw. Rev. Stat § 657-7, "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."

eighteen, insane, or incarcerated for a term less than life, it does not toll the limitation period for suits against the sheriff or police. *See* Haw. Rev. Stat. § 657-13.[9]  This tolling exception also applies to DPS and its employees.[10]

The court must give effect to a state's tolling provisions and law, including provisions regarding equitable tolling, except to the extent any of these laws conflicts with federal law. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)).

The Ninth Circuit Court of Appeals has not yet determined whether the statute of limitation for a civil rights claim by an incarcerated inmate should be tolled while the inmate exhausts administrative grievance procedures pursuant to the

---

[9] Under Haw. Rev. Stat § 657-13, "[i]f any person entitled to bring any action specified in this part . . . is, at the time the cause of action accrued . . . [i]mprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life; such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists."

[10] The statute creating the department of public safety specifically states that the "functions, authority, and obligations, . . . and the privileges and immunities conferred thereby, exercised by a 'sheriff' . . . shall be exercised to the same extent by the department of public safety." Haw. Rev. Stat. § 26-14.6(f).  Therefore, § 1983 claims against the Department of Public Safety and/or its officials are not tolled by Haw. Rev. Stat. § 657-13.

Prison Litigation Reform Act ("PLRA").[11]  While the Ninth Circuit Court of Appeals has yet to rule on the precise relationship between § 1997e and any tolling statute, other circuits have concluded that federal courts should toll state statutes of limitation while inmates exhaust their administrative remedies under § 1997e.  *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)(providing that the statute of limitation that applied to plaintiff's civil rights action was tolled for the period during which his available administrative remedies were being exhausted); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir.1999).

Whether the statute of limitation should have been tolled while Samonte exhausted his remedies through the prison administrative grievance process need not be decided here.  As discussed further below, even if the statute of limitation was tolled during that time, Counts II, III, and IV are still time-barred.

I.    Count II Is Time-Barred.

In Count II, Samonte states that prison officials failed to protect him between 1997 and 2002, when, because of overcrowding, protective custody inmates were housed with non-

_____

[11] Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

13

protective custody inmates.  Samonte's complaints to the prison about overcrowding culminated on May 22, 2002, when a fellow inmate allegedly assaulted Samonte.  SAC at Count II, ¶ 3.

Pursuant to the PLRA, Samonte administratively exhausted his claim through the prison grievance process.  In summary, Samonte's grievances relating to Count II of the SAC include:

05/26/02 **Grievance No. 079696**: Samonte complained that, on May 22, 2002, he was attacked by fellow inmate Jonathan Tagatac.  Samonte stated that Tagatac should not have been housed in general population because he was mentally unstable.

06/19/02 **Response**: Samonte was told that the incident was being investigated to determine whether he was assaulted or if it was a fight between two inmates.

06/26/02 **Grievance No. 079649**: Samonte appealed the step-one resolution of Grievance No. 079696.  Samonte further complained that the monitoring and supervision of Module B had escalated to a serious problem.

08/13/02 **Response**: Samonte was told that the response in step-one was reasonable.  The finding of the investigation would determine the merit of his new complaint.

07/21/02 **Grievance No. 84654**: Samonte appealed the step-two resolution.

08/07/02 **Response**: Samonte was told that his complaint regarding the need for additional security in Module B was unwarranted.  Samonte was found guilty of fighting, and his conduct was deemed a contributing factor to the incident.  Samonte was notified that the decision was the final and ultimate recourse available within the administrative remedy process.[12]

_____

[12] On August 21, 2002, Samonte filed another grievance related to Count II of the SAC.  As prison administration

(Doc. No. 88, Defs. Exh. 1.)

Even if the statute of limitation was tolled while Samonte exhausted his remedies through the prison administrative grievance process, Count II is time-barred.  Here, Samonte's cause of action, including allegations of prison overcrowding between 1997 and 2002, and an assault by a fellow inmate on May 22, 2002, accrued no later than May 22, 2002, the date on which the alleged assault occurred.  SAC at Att. to Count II.  At most, the statute of limitation was tolled between May 26, 2002, the date on which Samonte filed his first grievance, and August 13, 2002, the date on which the prison issued its final response to his grievances.  Thus, at the latest, the statute of limitation expired on August 13, 2004.  As Samonte filed his § 1983 Complaint on May 26, 2005, more than nine months after August 13, 2004, Count II is time-barred under Haw. Rev. Stat. § 657-7. Defendants' Motions to Dismiss Count II are GRANTED.

II.   Count III Is Time-Barred.

In Count III, Samonte claims he was denied adequate medical care after a fellow inmate allegedly assaulted him on May 22, 2002.  SAC at Count III, ¶ 3.  Samonte states that his jaw was broken during the attack and that prison officials denied and

---

notified Samonte that the response to his step-three appeal was the final and ultimate recourse available to him, however, the court will not consider the August 21 grievance when determining the date on which the statute of limitation for Count II ran.

delayed treatment until January 27, 2004.  As with Count II,

Samonte administratively exhausted his claim through the prison

grievance process.  Samonte's grievances relating to Count

III of the SAC include:

05/25/02 **Grievance No. 079695**: Samonte complained that, after the May 22, 2002, assault, he was taken to the HCF medical unit where, for two days, no medical doctor examined him.  Samonte also complained that he was discharged to the medium security holding unit despite complaints of pain in his jaw.

06/04/02 **Response**: Samonte was told that a review of his record revealed that he asked to go back to the "high" module on May 23, 2002, that all swelling had subsided, and that he was able to eat.  In addition, a nurse or PSW checked Samonte daily following his discharge from the medical unit. Samonte offered no complaints during the daily check-ups.

06/07/02 **Grievance No. 079609**: Samonte appealed the step-one resolution (No. 079695), stating that he had not asked to go back to the "high" and that the dentist had no authority to discharge him because he had suffered other injuries (to his head and neck).

04/07/03 **Response**: Samonte was told that the grievance was addressed at a step-three level on August 6, 2002 (Grievance No. 84760.)

07/17/02 **Grievance No. 84760**: Samonte appealed his step-two grievance (No. 079609).

08/06/02 **Response**: Samonte was told that Dr. Bauman had thoroughly reviewed his medical chart on August 5, 2002, and that, according to the chart, Samonte had not requested medical attention until 2 ½ weeks after his injury.  Dr. Saldana reviewed all of Samonte's complaints in a reasonable amount of time including ordering an x-ray on July 3, 2002. Lastly, Samonte was being evaluated by Queens Oral Surgery for further care.  The Division Administrator notified Samonte that this decision was the final and ultimate recourse available within the prison administrative remedy process.

07/30/02   **Grievance No. 84666**: Samonte complained that prison medical staff denied, interfered, and delayed medical treatment of his jaw injury.

08/02/02   **Response**: Samonte was told that he was scheduled to see an outside specialist.

08/08/02   **Grievance No. 85641**: Samonte complained that he was not satisfied with the step-one resolution (No. 84666).

08/08/02   **Response**: Samonte was told that he was seen by Queens Medical Center dental unit on August 5, 2002, and a follow-up appointment was scheduled. In addition, Samonte was told that he received pain medication and was seen by the dietitian.

08/28/02   **Grievance No. 87212**: Samonte appealed the step-two response (No. 85641).  Samonte complained that the medicine provided to him was to treat his migraine headaches, not his jaw injury, and that the dietitian saw him to discuss his low salt/low fat/low cholesterol diet, not his injuries. Samonte asked to see a specialist.

09/18/02   **Response**: Samonte was told to be patient, that the health care staff were addressing his complaints. Samonte was also told that approved outside movements were scheduled based on the availability of the provider, availability of security, and on a medical priority basis.  The Division Administrator notified Samonte that this decision was the final and ultimate recourse available within the prison administrative remedy process.[13]

(Doc. No. 88, Defs. Exh. 2.)

Even if the statute of limitation was tolled while Samonte exhausted his remedies through the prison administrative grievance process, Count III is time-barred.  Samonte's claim accrued no later than May 25, 2002, the date on which he filed

---

[13] Samonte also filed grievances on October 25, 2002, December 8, 2002, and December 22, 2002, related to Count III. The prison informed Samonte that the issues he presented had been fully addressed and that no further recourse was available within the administrative remedy process.

his first administrative grievance complaining that he was not
receiving adequate medical care.  At most, the statute of
limitation was tolled between May 25, 2002, the date on which
Samonte filed his first grievance, and September 18, 2002, the
date on which the prison issued its final response to his
grievances.[14]  Thus, at the latest, the statute of limitation
expired on September 18, 2004.  As Samonte filed his § 1983
Complaint on May 26, 2005, more than eight months after September
18, 2004, Count III is time-barred under Haw. Rev. Stat. § 657-7.
Defendants' Motions to Dismiss Count III are Granted.

III. <u>Count IV Is Time-Barred.</u>

        In Count IV, Samonte claims that after the alleged
assault on May 22, 2002, he was charged with fighting and was
denied due process at the adjustment committee hearing, causing
him "psychological injuries and lost [] trust in the Defendants."
SAC at Att. to Count IV.

        As with Counts II and III, Samonte administratively
exhausted his claim through the prison grievance process.
Samonte's grievances relating to Count IV of the SAC include:

_____

        [14] Although prison administration issued a response to
Grievance No. 079609 on April 7, 2003, because the administrator
simply referred Samonte back to its final, step-three response
dated August 6, 2002, to Grievance No. 84760, Grievance No.
079609 did not toll the statute of limitation through April 7,
2003.  Even if the statute of limitation was tolled between May
25, 2002, and April 7, 2003, Count III would still be time-
barred.

06/08/02  **Grievance No. (Unknown)**: Samonte complained that he was held in pre-hearing detention for too long because prison investigators were granted multiple extensions prior to the hearing date.

07/11/02  **Response**: Samonte was told that he would be given credit for any pre-hearing detention if he was found guilty at the hearing.

07/16/02  **Grievance No. 84758**: Samonte appealed the step-one resolution.  Samonte complained that there was undue delay of his adjustment committee hearing regarding the incident on May 22, 2002.

09/11/02  **Response**: Samonte was told that the administrative hearing was delayed because of prison overcrowding.

09/14/02  **Grievance No. 87281**: Samonte complained that he had not received a response to the step-two grievance.

10/03/02  **Response**: Samonte was referred to the response to Grievance No. 84758, which was issued on September 26, 2002.

(Doc. No. 88, Defs. Exh. 3.)

Again, even if the statute of limitation was tolled while Samonte exhausted his remedies through the prison administrative grievance process, Count IV is time-barred. Samonte's claim accrued no later than June 23, 2002, the date of the adjustment committee hearing.  SAC at Count IV ¶ 2.  At most, the statute of limitation was tolled between June 8, 2002, the date on which Samonte filed his first grievance, and October 3, 2002, the date on which the prison issued its final response to Samonte's grievances.  Thus, at the latest, the statute of limitation expired on October 3, 2004.  As Samonte filed his § 1983 Complaint on May 26, 2005, more than seven months after October 3, 2004, Count IV is time-barred under Haw.

19

Rev. Stat. § 657-7.  Defendants' Motions to Dismiss Count IV are GRANTED.

IV. **Samonte's Opposition Briefs to Defendants' Motions to Dismiss Lack Merit.**

In his Opposition briefs, Samonte argues that his claims are not barred by the statute of limitation because, 1) his continuous incarceration since December 27, 1988, has tolled the running of the statute; 2) his sentence of life without parole must be commuted to life imprisonment with parole after twenty years, pursuant to Haw. Rev. Stat. § 707-656; and 3) his "failure to protect" claim was brought to the state circuit court for exhaustion and was dismissed on or about February 2005.

Samonte's arguments are misplaced, and the claims discussed above are time-barred.  First, Samonte's incarceration does not toll the statute against DPS.  Second, Samonte expressly states that he is presently serving a life sentence without parole.  SAC at Preliminary Statement ¶ 2.  Section 657-13's tolling provisions do not apply to prisoners who are imprisoned for a term of their natural life.  While it is true that, under Haw. Rev. Stat. § 706-656, a life sentence without parole may be commuted after twenty years to life imprisonment with parole, this does not alter the fact that Samonte is presently serving a life sentence, was serving a life sentence when his claims accrued, and will still be serving a life sentence after he has served twenty years, even if he eventually has the possibility of

20

parole.   Finally, Samonte's failure to protect claim brought to state court for exhaustion did not toll the statute of limitation.   Generally, "exhaustion of state remedies is not required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphrey*, 512 U.S. 477, 480 (1994).

### CONCLUSION

For the reasons set forth above, Defendants Sandin, Tanaka, Espinda, Lombard, Sequeira and Mielke's Motion to Dismiss and Defendant Buan's Motion to Dismiss are GRANTED.

This order disposes of all claims against all served parties.   The same analysis set forth above would apply to unserved Defendants.   Accordingly, this order terminates this case, and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; February 7, 2007.

_Susan Oki Mollway_
Susan Oki Mollway
United States District Judge

*Samonte v. Sandin*, Civ. No. 05-353 SOM-LEK; ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT; heather\All 2006 Orders\Orders 06\Samonte 05-353 (grt mtn to dis SOL)